**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

STEVEN LEWIS NEVELS                                                                                    PLAINTIFF

v.                                           1:17CV00013-JLH-JTK

TRAVIS CHAPMAN, et al.                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.     Introduction

Plaintiff Steven Nevels is an inmate confined at the Jackson County Detention Center (Jail), who filed this pro se 42 U.S.C. § 1983 action, alleging religious discrimination by Defendants (Doc. No. 2).  By Order dated March 16, 2017, this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit, and directed him to file an Amended Complaint clarifying his claim and alleging specific facts or actions by Defendants which would support a constitutional claim (Doc. No. 3). The Court also noted that the Amended Complaint would render the Original Complaint without legal effect. (Id.) Plaintiff has now filed two Amended Complaints which are nearly identical to each other and to the Original Complaint (Doc. Nos. 4, 6).  Having reviewed such, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

### II.    Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims

that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

**III.    Facts and Analysis**

As alleged in his Original Complaint, Plaintiff alleges in his Amended Complaints that he was denied a meal appropriate for his religious beliefs on one occasion. Specifically, he states that his lunch tray included pork and beans and when he told Defendant Meullar that he did not eat that and needed another lunch tray, Meullar told him to take the pork and beans off of the tray. Plaintiff refused and tried to get a new tray three times from the other Defendants over a twelve-hour period. Plaintiff claims Defendants discriminated against him based on his religion.

As the Court noted in the March 16, 2017 Order, in order to state a constitutional claim for relief under the First Amendment free exercise clause, Plaintiff must allege that Defendants' actions placed a "substantial burden" on his ability to practice his religion. Weir v. Nix, 114 F.3d 817, 820 (1997). And in order to place a substantial burden on a free exercise of religion, Defendants must "significantly inhibit or constrain conduct...that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion." Murphy v. Mo. Dep't of Corr., 372 F.3d 979, 988 (8th Cir. 2004). In this particular case, it appears to the Court that Plaintiff is complaining about a one-time occurrence, which would not support a free exercise claim of substantial burden. In addition, although the Court provided Plaintiff the opportunity to clarify his Complaint against Defendants by adding more facts in support, his Amended Complaints are nearly identical to his Original Complaint, and offer no additional allegations to support a constitutional claim. Therefore, the Court finds that Plaintiff's allegation of a one-time denial of a pork-free tray fails to support a First Amendment claim for relief.

Plaintiff's allegation also fails to support a conditions of confinement claim for relief. Since Plaintiff is incarcerated as a pretrial detainee, the Court must analyze his claims as those pursued

by a pretrial detainee, under the Fourteenth Amendment's Due Process clause. See Graham v. Connor, 490 U.S. 386, 393 n. 6 (1989); Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). "Under the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment." Owens v. Scott County Jail, 328 F.3d 1026 (8th Cir. 2003) (quoting City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)). The constitution requires that an inmate be provided "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of inmates who consume it." French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985).

Conditions which "deprive inmates of the minimal civilized measure of life's necessities," may be considered cruel and unusual, and therefore, unconstitutional. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). In determining when pretrial detention is considered unconstitutionally punitive, the courts apply the Eighth Amendment deliberate indifference standard, focusing on the length of time of exposure to the allegedly unconstitutional conditions. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" Id., (quoting Wilson v. Seiter, 501 U.S. 294, 304 (1991)).

"Although the Eighth Amendment's prohibition of cruel and unusual punishment bars more than physical torture, 'discomfort compelled by conditions of confinement, without more, does not violate the amendment.'" Martin v. Byrd, No. 4:07cv01184SWW, 2008 WL 686936 * 4 (E.D.Ark.2008) (quoting Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984) (other citations omitted.)) In Ware v. Arnold, this Court held that an inmate who alleged that on one occasion he

5

received a meal with a hair in it, failed to state a claim upon which relief was granted, because he did not allege the denial of minimal civilized measures of life's necessities. No. 3:10-cv-00070-DPM-JTK, 2010 WL 2867855 (E.D.Ark.). In Wilkins v. Roper, the court held that an inmate's allegation that he was denied a food tray for one meal failed to state a claim. 843 F.Supp. 1327, 1328 (E.D.Mo. 1994). Finally, in James v. Woody, the Court held that an inmate who complained about receiving sour milk with one meal failed to state a constitutional claim. No. 7:02-CV-234-R, 2002 WL 32359944 (N.D.Tex.)

**IV.  Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaints against Defendants be DISMISSED with prejudice, for failure to state a claim upon which relief may be granted.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 28th day of March, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.